UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

LORRAINE SMITH,

        Plaintiff,

    v.                                                          **DECISION AND ORDER**
                                                               14-CV-018S

GERDA SILVER,
GERDA'S ANIMAL AID, INC.,
KAREN JONES, CHERYL HOFFARTH,
LAUREN SABATINI CABRERA,  and
JEAN ARMOUR POLLY,

        Defendants.

## I. INTRODUCTION

Jack Frost and Pumpkin wanted to be together. In equine parlance, the two horses had "bonded." And so the plaintiff, Lorraine Smith, who owned the horses but couldn't keep them, entered into a contract with Gerda Silver and her organization, Gerda's Animal Aid, Inc., for their continued care and companionship. But Smith says that Gerda breached that contract; she split up the horses, says Smith. And, as result, Pumpkin's health took a turn for the worse.[1]

That's not all. Smith alleges that the remaining defendants – Karen Jones, Cheryl Hoffarth, Lauren Sabatini Cabrera, and Jean Armour Polly, all of whom somehow became aware of this escalating dispute – inserted themselves in the conflict, aligned themselves against Smith, and wrote defamatory messages about Smith on Gerda's Facebook page. Gerda allegedly did nothing to remove the comments.

---

[1]This Court will use Gerda Sliver's first name because her eponymous organization uses her first name, and this Court finds that use of her first name assists in distinguishing her from the other individual defendants.

Attempting to invoke this Court's diversity jurisdiction, Smith now brings this action alleging state-law claims for fraud, breach of contract, and defamation.

There are currently four motions pending before this Court: Both Gerda and Smith have moved to transfer this case (Smith to the Eastern District of New York and Gerda to Vermont); Smith – *after* moving for transfer – moved for a preliminary injunction; and Cabrera moved to dismiss the complaint as against her.   Smith's transfer motion also contains a request in the alternative, asking this Court to grant her permission to withdraw her complaint. Of all these motions, Smith's is properly decided first. And, for the following reasons, her  motion is denied insofar as it seeks transfer, but granted insofar as it seeks permission to withdraw her complaint. The remaining motions are thus rendered moot.

## II. BACKGROUND

### A.    Facts

Lorraine Smith rescued Pumpkin and Jack Frost from "imminent slaughter," and, as noted above, maintained them as a "bonded" pair. (Am. Compl., ¶ 13.) She eventually arranged for the two horses to be placed with Gerda, who was to care for them and keep them together. But Smith alleges that Gerda split up the horses, "resulting in the depression and further illness of Pumpkin." (Id., ¶ 20.) According to Smith, Gerda wanted Pumpkin to die, and in fact, intended to euthanize Pumpkin, thereby "gain[ing] . . . Jack Frost unencumbered by a bonded companion."  (Id.)

Displeased and disheartened, Smith arranged for the horses' return. Although Smith paid Gerda some money for veterinary expenses as part of the deal that Smith struck with Gerda to get the horses back, Gerda allegedly reneged and refused to return the horses. (As of now, the horses apparently remain under Gerda's care.)

In the course of this dispute, Defendants Jones, Hoffarth, Cabrera, and Polly, though apparently not formally associated with Gerda's organization, somehow learned of

the equines' plight, and they allegedly made comments on Gerda's Facebook page that called into question the state of the horses' health before Smith delivered them to Gerda. Smith contends that these comments, which "were not removed by Defendants Gerda Silver and Gerda's Animal Aid Inc.," impugn her character and constitute "libel per se." (Id., ¶ 38.)  All defendants, she therefore contends, are liable for defamation.

**B.     Procedural History**

Smith commenced this action on January 8, 2014 by filing a complaint in this Court. This set off a flurry of motions.

Gerda Silver and Gerda's Animal Aid, Inc. first filed a motion to transfer venue on February 27, 2014. (Docket No. 10). Then, on March 11, 2014, Smith made a cross-motion to change venue to the Eastern District of New York, or in the alternative, for permission to withdraw the complaint without prejudice. (Docket No. 12.) She also filed an amended complaint on the same day. (Docket No. 13.)

Although Smith's motion for transfer or to withdraw the complaint remained outstanding, and without seeking to withdraw that motion, she then filed a motion for a preliminary injunction on April 8, 2014. (Docket No. 34.) This Court presided over a status conference discussing that motion; there it was agreed that the venue motions ought to be addressed first. This Court also permitted further briefing on the venue motions. Exercising that permission, Cabrera and Polly both filed affidavits arguing that the district court in Vermont is the most appropriate venue. Then, despite her contention that venue lies most appropriately in Vermont, Cabrera filed a motion to dismiss in this Court on April 29, 2014. (Docket No. 45.)

## III. DISCUSSION

Nobody wants to be here. Each party, that is, has filed a motion or supported a motion to transfer this case to a different court.

Gerda  filed a motion to transfer venue to Vermont. And the other defendants have all filed papers supporting that motion. Smith too, who is of course the plaintiff, despite choosing to bring her claim here, has apparently had a change of heart, and has specifically requested that this Court either transfer the case or grant her permission to withdraw her claim.

The latter  relief – withdrawal – stands out as most the prudent course of action.

**\*\*\*\***

Under Federal Rules of Civil Procedure Rule 41, a plaintiff can voluntarily dismiss a case herself by filing either (1) a notice of dismissal before the opposing party's answer or motion for summary judgment is served; or (2) a stipulation of dismissal, signed by all appearing parties. Fed. R. Civ. P. 41(a). Neither of those conditions are met here and thus this  "action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Id. (a)(2)

The Zagano factors are often used to determine whether a Rule 41(a)(2) dismissal is appropriate. Those are:

> (1) the plaintiff's diligence in bringing the motion; (2) any "undue vexatiousness" on plaintiff's part; (3) the extent to which the suit has progressed, including the defendant's effort and expense in preparing for trial; (4) the duplicative expense of relitigation; and (5) the adequacy of plaintiff's explanation for the need to dismiss.

Zagano v. Fordham Univ., 900 F.2d 12, 14 (2d Cir. 1990) (parenthetical numbering inserted).

To be sure, courts retain discretion to grant a dismissal without prejudice even if the plaintiff is likely to bring the same claim against the same defendants. Mondejar v. Dow Chem. Co.,No.  97-CV-62 (JG), 1998 WL 812577, at \*3 (E.D.N.Y. Apr. 29, 1998) ("The risk

4

that the plaintiff might start the litigation all over again does not constitute legal prejudice."); see also Hinfin Realty Corp. v. Pittston Co., 206 F.R.D. 350, 356 (E.D.N.Y. 2002).

Considering the fact no party wants to be in this Court, recognizing that no defendant has either filed a counterclaim or argued it would suffer undue prejudice if Smith's request were granted, and applying the factors outlined above, this Court finds it plain that Smith's request to withdraw her complaint ought to be granted.

First, Smith filed the motion only two months after filing her initial complaint. Thus, no significant length of time has passed that would weigh against granting dismissal.

Second, there is no evidence of "vexatiousness" on Smith's part.

Third, this action has not progressed beyond the initial motion-practice stage. There has been no discovery, nor any trial preparation.

Fourth, even though there may be re-litigation costs and expenses, the subsequent case, if there is one, will likely include similar, if not the same claims arising from the same transaction. The information gathered and effort expended in this action will thus be equally applicable to any future litigation.

Fifth, Smith's request to dismiss this action is based on her desire to potentially re-file the case in the Eastern District of New York. As all parties have moved (or supported a motion) for transfer, it is clear that no party wants this case to advance in this Court. Therefore, dismissing this case without prejudice allows Smith the opportunity to advance her claim in a court of her choosing. Any future dispute about venue and, possibly, the merits of Smith's injunction application or any motion to dismiss, can be decided by that court.

5

## IV.  CONCLUSION

Smith's complaint is deemed withdrawn, and, by virtue of that ruling, the other motions are rendered moot. This case is dismissed without prejudice.

## V.  ORDERS

IT HEREBY IS ORDERED, that Gerda Silver and Gerda Animal Aid Inc.'s motion to transfer venue (Docket No. 10) is DENIED.

FURTHER, that Plaintiff's cross-motion to transfer venue or to withdraw her complaint  (Docket No. 12) is DENIED in part and GRANTED in part.

FURTHER, that Plaintiff's motion for a preliminary injunction (Docket No. 34) is DENIED as moot.

FURTHER, that Defendant Cabrera's motion to dismiss (Docket No. 45) is DENIED as moot.

FURTHER, that this case is dismissed without prejudice under Rule 41 of the Federal Rules of Civil Procedure.

FURTHER, that the Clerk of Court is directed to close this case.


SO ORDERED.

Dated: May 2, 2014
        Buffalo, New York

                                                    /s/William M. Skretny
                                                    WILLIAM M. SKRETNY
                                                        Chief Judge
                                                    United States District Court